al, the United States Code of Appeals for the Fifth Circuit is now open according to law. God save the United States and this honorable court. Well I'm grateful for everyone for having met for an oral argument at distance and of course I hope that counsel and my colleagues and the staff and anyone listening is safe and well. We look forward to the day when we can be doing this back in person. And today we just have one case that we've scheduled and that's 190023 Hewitt v. Helix and Mr. Sullivan, you'll go first. Yes, your honor, that's what I've been told. Okay, whenever you're ready, may it please the court. My name is Ed Sullivan and I represent the appellant, Mick Hewitt. I understand this is a special hearing so the court may have questions right away, but I'd like to make three quick points supporting this court's opinion from last April in this matter. First, in the 80 years since the passage of the Fair Labor Standards Act, a person who was paid purely by the day, which is how Helix paid Mr. Hewitt in this case, has always been a day rate employee, not a salaried employee, because a day rate under the law cannot be a salary. Second, when this court issued its opinion, it split precisely zero circuits. It was a judicially neutral opinion that was not pro-employer or pro-employee. It simply stated the law as it is and as it always has been. Third, the Department of Labor opinion issued last week, which I put in a 28-J letter to the court, is persuasive authority that buttresses all the points that this court made and that I've made in lots of briefings and is the final nail in the appellee's position. So turning to my first argument, a person, an employee paid purely by the day is a day rate employee. That's what this court said, because that's what the law is. And one thing that in the opinion didn't talk about, I'd like to give you some more reasons why the opinion was correct, is the day rate regulation. You know, the FLSA recognizes lots of different kinds of employees, day rate employees, peace rate employees, commissioned employees. They have regulations for all these employees. There's a day rate regulation. I think just to test that a little bit, and I appreciate for me, the first point you've made is the more difficult one, of course, that's because the Flutie majority had come out differently. What about the circumstance where the day rate, the guaranteed single one day rate exceeds the minimum? Aren't we then just in a world of semantics to not say that that is a salary? It's received. It's predetermined. It will never be less than that. And in that context, it does look like circuit authority analysis is saying that could be a salary. Oh, OK. Here's how I address that question, Your Honor. First, they said it was a good argument. And even Judge Ho in his dissent in the original Flutie said it was a creative argument. But think of a day rate like this. You start at zero. And you don't know what you're going to get paid unless you start working the days. The day rates can be changed. The day rates are dependent on the number of days you work a week. But here's the important point. There's two issues for the exemptions to two tests. The first is they have to be paid a salary. But the second is. Yeah. That's where you were going a minute ago. And I don't want to let you off 602 because in our panel opinion, we relegated 604 to a footnote. We didn't reach it. So at the moment, I'm wondering if you're defending the panel opinion and just strictly looking at 602 and the definition of a salary, you don't concede that if the minimum guaranteed amount, I mean, the guaranteed amount in one day exceeds the minimum, wouldn't that be something? You may still win on 604B, but under 602, you would still say that could never be equivalent to a salary. Right. Because it's not a guarantee. I mean. But I'm going to interrupt one more time and then I'll let Kai, we'll let you go and colleagues because I have a tendency. But are you is that a fact dispute? Because when I looked at the hearing you had in district court, the two of you were emphatic to avoid a Christmas trial. You remember that there was no fact dispute. So are you saying now that Helix actually could have reduced even that one day rate that the record is open, that it was a matter of grace, not right? Are you saying there's a fact dispute? No, there's no fact dispute on that question. The HR director testified that the day rates can be changed at whim and without justification. That means they can go below 455. That means they can go above 455. It is a matter of grace of what Helix wanted to pay Hewitt. Mr. Hewitt was at will employee. So then it should just go to the jury. Like the case you insisted at the telephonic conference, Jordan, the case that Judge Lake decided. He said, you know what, we're looking at the pay stubs and there's no employment contract. So we can't even say whether it is or isn't a salary, an hourly rate, a day rate could be a salary. We just can't say it is as a matter of law. So with the most you would get would be we reverse the summary judgment, but it goes to the jury as to whether your client was salary. There is no fact in dispute how Mr. Hewitt was paid is exactly understood by all the parties. There is no dispute that the facts should be spun one way or the other. The facts here are undisputed, completely known among the parties. The issue is one as a matter of law. And I would urge you, Judge, look at 602 A1. It is something that the Apple ease don't even try and reconcile. Okay, they put it in a footnote, footnote three on page 12 of their brief. But it says, if you are paid by days worked, that's never a salary. That's my position. Look at 602 A1. You can't read 602 A without looking at 602 A1. It's all together. It is. So the answer is, all the cases they cite are people who get some sort of guaranteed minimum. This is not the situation where it's a guarantee. I thought your client was guaranteed one day if he worked. Wouldn't guaranteed anything. He was an at will employee. He was given an offer letter that was explained to him what the actual day rate was to be. But that day rate itself was not a guaranteed payment. If he worked it, he would get it just under basic operating procedures. Do you agree if he's told you get a weekly salary of $1,000? Then that qualifies his salary. No, because it depends on how the person was actually paid. If you look at Litz, if you look at Anani, those people were guaranteed an amount every week. If you look at Falluti 1, judge, Falluti 1, there was an actual written contract between Jeff Falluti and the employer. But they deleted in 2004 the requirement of an employment contract. Now the word is predetermined. And so if the pay stubs show he always got, okay, I'll push the point. You wanted to jump to 604. No, no, no, I didn't actually. I'm happy to go on this, but think of it this way. That argument that you're questioning me about, it's logical end point is that the pay for Mr. Falluti is post-determined. It's post-determined based on the number of days he worked. It's not a predetermined amount. What is not, okay, so that is a key thing. Yeah, I understand that. There's not one case, one case in the United States that says a person paid purely by the day is paid on a salary. That's it. It's a game set match on salary and judge. Well, if you don't have a game set match, let's say somehow I've shifted views hypothetically, and I think he is salaried. Would you still win? Would we have to reverse? Because if you're salaried as a day or hourly rate person, you still gotta meet 604B, and if you would say that, what's your best authority? Okay, if you're saying he's salaried and that he definitely got a salary, and that it was some sort of minimum guarantee, you go to 604B on the rational, on the valid answer, the reasonable relationship test, they can't meet that. I agree that it seems odd whether they could, but I'm asking you to give me the best circuit authority for the fact that even a highly compensated employee who is salaried, we still jump and apply 604B. What's the best case, cuz the First Circuit and the Second Circuit in Litz and Anani seem to say you never get there. Yeah, I mean, I'll be straight with the court, which is, I don't have circuit authority, cuz as the court knows, there is no circuit authority contrary on the highly compensated exemption, except for Judge Ho's dissenting opinion in Falluti 1, which just looks at the text of the regulation, which this court has to faithfully- I thought that the Sixth Circuit in Hughes did think that you would still jump to 604B. You're right, actually, I should have thought of that, right? Yeah, no, Hughes did say that, that you look at, you're right, Judge, I'm sorry. But I'm not, in my head, the way I look at the panel opinion, if we're here because you're wondering if it operates like a salary or not, let me make this additional point that might be persuasive to you. Each exemption under the Fair Labor Standards Act, okay, has duties test, salary test, and salary level test. It's not just that the person is paid a salary, but that the level has to be under the rate listed by the Department of Labor. Now 684, at the time, 455. This is the point I want to make. The 455 a week is only relevant under the law to the salary level. You still have to prove you're paid a salary. There is not any law that says just because you got 455, that's a salary. That's not a- Just to clarify your position, is your point that if you're paid on a daily rate, you can never meet the salary basis test? Or just that you have to do the 604B analysis to get there? No, no, if you're purely paid by the day rate, you're not paid a salary. You go to 604- Go ahead. You go to 604B, which is called minimum guarantee plus extras, because then it looks at the situation where there's a minimum guarantee plus extras, and then can whether or not you meet the 604B test. The daily rate regulation that I read, where it says paid by the day in 604B, applies to other regulations like the motion picture industry or something like that, that talks, that's how I read it anyways, Judge. Okay, but the way I look at 604B, it seems to say that if you're paid on a daily basis, you don't necessarily lose the exemption or violate the salary basis requirement, you just have to satisfy 604B. So it just seems to me that there's a middle ground here, that if you're paid a daily rate, you could theoretically be a salary basis, but only if you comply with 604B. Is that, I wanna make sure, because I'm not sure I'm hearing what you're saying. The way I look at 604B is, it's possible if you are paid on a day rate, that if you have a component of your pay that is paid on a day rate, that you could be exempt, but you have to under 604B, have a component that is on a salary basis, and that's what I'm saying is absolutely. You gotta meet the two prongs, the minimum guarantee, what I think of as the floor prong, and then the ceiling prong, the reasonable relationship test. Correct. Okay, so daily rate's not a categorical denial of salary basis, it's just setting forth a special test that you wouldn't have to meet if you had a weekly basis, but that you would have to meet if you have a daily basis. 100%. Okay, thank you. That's my position. But the point on the salary- Is that a remand issue then, whether the reasonable relationship test has been met here? They've never argued that there was a reasonable relationship. There is not any law. The reasonable relationship under every bit of authority is so out of whack from what Mr. Hewitt received to what they say the guarantee is. There's not a guarantee. I don't think 604- And to be clear, when I say remand, it doesn't mean you're gonna lose on remand. Remand means you don't necessarily lose or win. It's a matter for further proceedings. Right, but- The point is, to my knowledge, there has not been a reasonable relationship analysis or proceeding in this case to date, is that correct? That is correct, because their argument on the other side is it doesn't apply at all, given Litz and Anani, yeah. No, I understand that. I understand that they don't think it applies, but if it were to apply, again, hypothetically, then that would be something that would have to be litigated in the future. Well, I respectfully disagree, because here's the reason why. We know what he was paid. That's a matter of record. We know what the law is and what constitutes a reasonable relationship. We know both of those things. I briefed that issue in my brief. They briefed it on- I'm sure you're familiar with the principle that we ordinarily don't, we're not a court of first view, we're a court of review. Right. Meaning that we don't deal with issues that the district court hasn't dealt with first. Has the district court opined on the reasonable relationship test, or did the district court avoid it? Because it had a different theory of 604B. It's the latter, obviously. They didn't reach it. They just said, he made 455 a day, so therefore,  They didn't get- Let me ask a question. I know you're about out of time, but I'm not- Our other tool pushers are way up the line. They're executives on the spot, geologists come and go, but the tool pusher is the sergeant major on the spot. Are other tool pushers in the industry compensated with a daily rate? I am out of time. May I answer your question? Yes, of course. I don't know. Okay. Do other employers pay overtime wages to tool pushers? I don't know. I don't have- There's no evidence in the record. I just looked at Mr. Hewitt and his situation. It's a clear violation of the law, and that's why I represent him. Okay. We'll hear from council opposite on these issues. Thank you. Thank you. You have rebuttal time, Mr. Crow? Yes, your honor. Thank you. May it please the court. Let me start by saying that this issue of guarantee, I don't think there's any question in this case that there was a guarantee that was made to Mr. Hewitt. He was promised an amount of money that he would be paid as a minimum amount. That minimum amount was $963. It was as much as $1,300 for any day in which he performed any work. He did not- Let me make it very clear. He did not have to work a complete day or a full day. If he did anything in any week, if he worked one minute in any week, he was guaranteed that amount of money at a minimum. And what's the best record, single record site that your client, the employer, could never reduce that? Because I don't think we have an employment contract. So, what is the single place you'd point to the record that your client lacked discretion to ever reduce that amount? So, let me say it like this, your honor. There is no- The law says that salary amounts can be changed prospectively, okay? And that is you can make an announcement to employees that we've paid you X amount. Salary, you know, business conditions have changed. We're going to either raise or reduce the amount. In other words, a salary can be changed. It just can't be changed retrospectively. You can't have an employee do a bunch of work for you expecting to be paid one amount of money and then be paid another amount and come and say, well, you're an outwell employee. I can pay you whatever I want to. You can't do that. We cite to an opinion by Judge Rosenthal that basically talks about this, that prospective- Right, I understand the prospective retrospect. I'm just asking you for a record site where it confirms that your client, the employer, couldn't. It wasn't a question, you know, the case law focuses on the word grace versus the right. And I'm guessing you're representing Helix in the Jordan decision, the one in front of Judge Lake, where you'll remember he denied summary judgment for you because he couldn't confirm based on the pay stubs that this fellow was salaried, i.e. you couldn't change that daily rate. Why is this case different? Why is Hewitt different? So, your honor, there is, as my knowledge, there's no question in this case that we ever did a retrospective change. I think our view is we could prospectively make announcements of future changes. That's a good point. Do you have a single record site that you would tell me to look at to confirm that this daily rate wasn't a matter of grace? He wasn't at will, and we're just inferring from pay stubs. Can you point me to a record site? Yeah, so there's two things that we cite.  And the second thing we cite was a memo, which I think is like record site 720. It's in the 723s, I believe. Okay. That basically says, it announces that because of industry changes, the memo went out in May saying that starting in June, across the board, the workers were going to be paid a reduced amount. I've got here record site 654. Okay, I'll look at that. Thank you. This is relevant because when you two were arguing to the district court below, you remember the Faludi majority had already come out and opposing counsel was insisting to Judge Hoyt here that, oh, well, Judge Lake has distinguished Faludi and it would apply equally here. We just don't know. And I guess your answer would be, well, we do know more here as a matter of law from the offer letter and from whatever at 654 exists. Yes, and there was never any argument. There's never been any argument in this case at the district court level or any other level that we retrospectively did not pay the day rates that had been promised to these employees. Why don't you move on with your argument? Because you've heard where we went with opposing counsel. Obviously, it's a day rate that doesn't immediately look like a salary. It doesn't look like it's to be determined. It could vary by day. Yes, so let me. So the evidence in this case is that in his offer letter, he was told what his day rate would be and was always paid in accordance with the pre-announced day rate amount. And your honor, it's our view in this case that this case must be viewed pursuant to the highly compensated exemption, which was specifically passed in 2004 for the purpose of making it easier for highly paid employees to be exempt from the overtime requirements of the FLSA. And it's our position. So that is in regulation 601. And it's our contention that we fully complied with regulation 601, which is our burden. 601 specifically references 602, which is the salary basis regulation. I can explain how we fully complied with both of those regulations because Helix paid Mr. Hewitt a predetermined amount of 963 that was over the 455 minimum. That was all or part of his compensation. It was not subject to reduction for any reason. And his total annual compensation always was over $100,000. And it's very important to note that with the highly compensated exemption, the focus of that exemption changed and the focus turned to the total amount of compensation paid to the employee. And as a result of that- What do you mean that the focus changed? Because I thought I had just heard you say that you acknowledge that the 601 standard, the exemption does require you to meet the salary basis test. It does require us to meet the salary basis test. I'm sorry, what's the focus change that you're referring to? Well, for example, the other circuit courts that have dealt with this and the Litz and Anani court have said that under the highly compensated exemption, you no longer have to comply with the reasonable relationship test in 604B. Well, I'm not sure I agree with that reading. Well, that is my reading. And the reason for that is because if you look at, for example, if you look at the minimum salary amount, which is 455 times 52 weeks, that's $23,660 total. The highly compensated exemption says the additional amount to get up to $100,000, being around $76,000 can be paid however the employer decides to pay it on whatever basis. It can be paid in commissions, it can be paid non-discretionary bonuses. There is no reasonable relationship between the $23,000 amount and $100,000 amount. Hold on, but what you just said about 30 seconds ago, I think is the critical point. In those two cases, it's times 52, as you say. It's a weekly rate. Well, so there was an amount in each of those cases that was a guaranteed amount that in the LITS case, it was $1,000 amount and it was referred to as a stipend. Just to be clear, because I think the timing is important, they're guaranteed weekly in one case, and I believe the other case is sort of a weekly, annual sort of a mix. Is that correct? So, your honor, our position is that these amounts of money were basically treated as predetermined amounts by these courts. In other words- But on what timeframe? You keep saying guaranteed, you keep saying predetermined, but predetermined on what temporal basis? Wasn't it weekly or annual in those cases? No, no, these amounts were predetermined for any week in which they performed any work. Right, so these are weekly payouts. Well, it's amount received under 602, and the court did hold that those amounts- What was the amount in Anani? I'm sorry? What was the amount in Anani? In Anani, it was $1,250. Per what? Per week in which they performed any work. Per week? Yes. Okay, and what about in LITS? In LITS, it was $1,000. Per week? Per week. Okay. Do you have any circuit of four? When you're paying on a weekly basis, you can satisfy the 602 salary basis test. Well, so, your honor, it's our view that what you, the courts should look at the substance of what is actually done. These were predetermined amounts that were above 455 that were promised by the employers to these employees, and the courts in both cases said they complied, specifically analyzed them under 602, so they were predetermined- Another way of asking this question is, do you have any authority district or circuit where it supports your position that he's salaried as a matter of law where there wasn't in the record a weekly guarantee? Can you think of any case? Your honor, no, LITS and Anani, I think are the two- Okay, but those are weekly cases, so then the logic of your opinion, wouldn't it apply equally to someone who's paid on an hourly basis, but just high enough? So, would your position be that even someone paid hourly is salaried if that hourly amount exceeds the minimum and it's guaranteed? Yes, it would. And that just seems to me those two arguments that no court has ever announced seem to possibly be true only if you also meet the reasonable relation test of 604, because it's talking about these guarantees under hours and days that in my mind aren't like salaries, but I guess they could be, but only then if that amount gets you pretty close to what the guy's gonna make the whole year. That's how I understand the reasonable relation test. So, here's my question for you. What case explains why highly compensated employee exempt employees are never subject also to the reasonable relation test? What case explains why that would be true? Because it doesn't seem to me to be true under the plain language of 604B. So, your honor, I think both Anani and LITS say that exactly, that if you meet the requirements for the highly compensated exemption, you don't have to comply with 604B. Let me ask it differently then, because I have looked at those cases and I'm still thinking those are distinguishable because those were weekly guarantees. 604B by its own terms, isn't talking about weekly guarantees, but it is talking about hourly and daily. Everyone agrees this man received a daily rate. Why wouldn't we apply 604B? Is there any case or any treatise that says we shouldn't follow the language of 604B and apply it and therefore subject him also to the reasonable relation test? So, your honor, I think that the argument that you're now making, what it says is that 602 imposes a requirement on the calculation of the predetermined amount and it must be calculated on a weekly basis. I'm accepting received. If he receives it and is guaranteed, I'm saying your client, he sure is highly compensated and now I'm willing to accede to you that maybe the panel had a flaw. Maybe the fluidity majority was right. He is salaried. But even if that's true, he's got to still meet the reasonable relation test because it's salaried by day, which as an old, old circuit court said, he said, if you put clothes on a mannequin, that doesn't make it a human. Well, here, if you're paid hourly and you're paid daily, you're even telling us your logic is even an hourly rate employee. Somehow magically is salary. And I'm pushing back and saying, no, the rules contemplate that. But if you're going to make that strained argument for a salary, you've also got to show it pretty much equals his fixed total. It's the reasonable relation test. And I want you to tell me, show me a treatise or a case that tells me why we would never get to 604B because he's highly compensated. Okay. So your honor, there are plenty of cases that say 602 and 604 are separate tests. You don't have to comply with both of those tests. What's your best case? What is the best case? You say plenty. That never helps a lawyer say that. What is the best case? I think that the Anani case says that. But here's the thing. I don't think anybody's saying that you have to meet both 602 and 604, right? Isn't the whole point of Anani that 601 is superfluous if you've met 602, which of course is what you do when you have this weekly standard. I think that's all that Anani and Litts are saying, right? Is when you have a weekly standard, you don't need to go through 604 because you've already met 601. I think that 601 says, if you comply with 601, you don't have to comply with anything else, including 604. 601 says you do have to comply with- Yeah, but that's circular, right? You've already acknowledged that 601 requires you to meet the salary basis test. You're trying to figure out what it takes to meet the salary basis test. So it requires you to comply with the salary basis test because the text of 601 specifically references 602. So to comply with 601, part of the language of 601, you have to comply with 602. 602 merely requires you to do a predetermined amount, which we had, which was the minimum 963, which is all or part of the received compensation and not subject to reduction. Is your point then essentially that you should win because 601 doesn't refer explicitly to 604? Is that sort of the idea? Well, it means that if you require me to comply with 604, you're putting a burden on me that 601 does not put on me. The Department of Labor did not intend employers to have to comply with both of those. Well, be careful about claiming what the department's intending since their literacy says the exact opposite. Well, I discern their intent based on the language. They specifically said you have to comply with 602. They did not say you have to comply with 604. Let me explain why 602 does not relate to the calculation of the predetermined amount. Why instead it gives the employer freedom to calculate the predetermined amount as it sees fit. Okay. Doesn't 602 require that you receive the guaranteed amount without regard to the number of days worked? No. What it says is in that language, it says an exempt employee must receive the full salary, which he did for any week in which the employee performs any work, which he did without regard to the number of days or hours worked. So he must receive the full 963 without regard to the number of days or hours worked. That doesn't mean it's got to be calculated by the number of days and hours worked. It means he must receive it regardless of any time period worked, which is exactly what he did get. So an hourly wage worker, as long as he's paid on the same pay cycle, paycheck cycle as the CEO, they're both on a salary basis. I'm sorry. Let me, this is where we may be missing each other. Okay. When you say an hourly employee, are you talking about his total compensation is calculated based on an hourly amount? I'm just trying to, yeah, I apologize if I'm not clear. I'm just trying to understand your argument. Well, I think what you're saying is it doesn't matter how it's calculated. It just matters when you receive the paycheck. So my hypothetical is somebody who is calculated on an hourly basis, but you say the calculation doesn't matter. They're calculated on an hourly basis. Somebody works at McDonald's. Okay. Paid minimum wage per hour, but gets the paycheck every two weeks, just like the CEO. I think what you're saying is, yes, those would both be salary basis. Is that correct? Well, what I'm saying is 602 requires a predetermined amount. It does not say how that amount has to be calculated. And it does not say it has to be calculated by any number, you know, specifically in the Anani case, for example, the predetermined amount was calculated based on working 44 hours a week. Okay. And the second circuit said that, that is fine. Okay. We're going to assume that 12, $1,250. Just to be clear, I think Anani had a weekly guarantee. Yeah, but it was calculated based on 44 hours a week. Hold on. It was a weekly guarantee. It's just that once you worked hours above the 44 hours, then you would get additional pay. But the opinion... Is that correct? Yes. I'm just here to know, is that correct? Yes, that is correct. And the opinion explicitly states that the weekly guarantee was based on 44 hours a week. Okay. And then more additional amounts was paid above that. Just like in Anani, the additional amounts were paid based on the number of hours worked per week. And in both... I think that's expressly contemplated by 604A, right? In other words, as long as you've got... Sorry, go ahead. That is true. But then the courts say you don't... Both those courts say that although that was the case, although they found those employees to be exempt, you don't have to go to 604 because if you comply with 601, there is no obligation to also comply with 604. So this court has always analyzed these transactions based on the substance of the transaction. And whether you call it a stipend, whether you call it a base salary, whether you calculate it on a day rate basis, the substance of the transaction is that Hewitt was guaranteed more than the minimum, which he received, and it was not subject to reduction based on the quality or quantity worked, not subject to reduction based on the number of days or hours worked. Are you saying it's not a substantive issue whether your pay is by day or by week? I'm saying if you pay the predetermined amount and it's above the 455, at least for a highly compensated employee, it may be different under the executive exemption, not the highly compensated exemption, but at least under the executive exemption, the other courts that have looked at the issue have uniformly said you do not have to comply with 604 because 601 does not require you to comply with 604 and it would be superfluous. Well, your time's elapsed, but I have two more questions just on that last point. When you say, well, it may be different for an executive exemption. What's your best case? It states that 604 is different for executive than it is for highly compensated. Do you have one? I think that again, takes you to Anani and Lit. That's what I thought. You're going back. You are familiar with the Hughes decision. You're also familiar with the Eighth Circuit's Coates decision from June of this year. Both of those, when I read them, actually disagree that 604 would be inapplicable. Do you disagree with my reading of Hughes? Your honor, my reading of Hughes is that they look at 602 and they say that the situation in their view doesn't fall squarely within 602. So they're unsure about 602. They then look at 604 and they say, well, to comply with 604, you have to have this guarantee and reasonable relationship. So because the amount of the day rate was less than $455, it was $360 or so. But they are seeing a link. It helped them interpret. Yeah, that's the difficult last question. Judge Wiener asked at the end of your opposing counsel's question, an industry specific question. Would you care to comment on that? Is there anything in the record or anything? Yes, your honor. In this case, other tool pushers are paid on a day rate basis. This is, the site to the record is 655. That's also in his deposition testimony. And the amicus briefs filed in this case are replete with discussion about the prevalence of a day rate, how the entire oil and gas industry is based on a day rate. All the service workers provide their work and charge on a day rate basis. That's why the opinion in this case, if the panel opinion stands, it's going to require a complete reconstruction of the way the oil and gas business does its work. Okay. Thank you, Mr. Crow. Mr. Sullivan, you have rebuttal time. Oh, you're muted. You unmute yourself. Yes, your honor. I believe I have five minutes. May I please support? Please. Okay. I think I know where we're getting, where everybody's coming from at this point. So I have a couple of points on rebuttal. The first is on 602A, the guaranteed amount has to be on a weekly or less frequent basis. All they're saying is if you work one day, he's guaranteed 455. Let's look at the text. The predetermined amount has to be on a weekly or less frequent basis. And then without regard to the number of days, the text is super clear on that point. And I have to tell you, I'm amazed. I actually thought about deleting my footnote in my response to the en banc review, because I thought, well, surely Helix isn't arguing that an hourly employee could actually be salaried. But I go, no, that's what their argument is. And they admitted it. This is radical. There's not a case in America on that point. Just like what is radical is that a tool push you're making over 100,000 a year would get overturned. I understand that. This judge, but judge, that's what the law is, right? So you're applying the law faithfully and fairly. That's why stockbrokers, when they sued companies who were 100% commissioned, didn't have an exemption who were inside sales. This happens all the time. And if the oil industry doesn't like it, if this court doesn't like it, if I get it, there's no sympathy for a man who makes a lot of money who says he's entitled to overtime. Well, what is the purpose of the FLSA though? Is it just to worry about how much people are paid? Or is it also to increase employment? They was meant as a depression era remedy to increase employment by giving an incentive to companies actually not to pay overtime. They wanted them to hire more workers because they were out of work. So instead of being ambivalent, Congress, rather than being ambivalent between hiring one person for 80 hours and two people for 40 hours, Congress very much wanted to say, we'd rather you hire two people at 40 hours, both to increase employment and to increase worker safety. That is exactly right. But Congress was not looking at executives or administrative or professional employees, looking at the hardy handed men of toil. Judge, the statute Congress passed did say exemptions for professional, executive and administrative, but it delegated it to the Department of Labor to write the regulations. That's what happened here. Like anybody else who doesn't agree with the law. I mean, my client came to me because he thought he was fired unfairly and illegally. But unfair is not a cause of action. It's not. And the law sometimes, you know, I think the oil industry can write their congressman if they don't like the law. It's a matter of mass. With your limited time left, opposing counsel did say that, oh, factually, the minimum daily amount was predetermined, and then went on to say it was, quote, not subject to reduction for any reason. Do you agree with that factual statement? No, I don't agree with that. I don't. But he says the offer letter and then at 654 will conclude that Helix never could have reduced that amount. The answer to that question, Judge, is the entire argument raised by Applebee's on that point is a precise example of post hoc ergo proctor hoc logical fallacy. Just because somebody got the money doesn't mean they were guaranteed the money. So how is this case distinguished from Jordan then? Which is the case you kept telling the district court to look at. I got to deal with the two tools that are given to me at the time. I thought I thought Faludi won by Judge Lake was wrong. But it was that was what they were arguing. So I had needed to make a distinguishing argument at the law as it existed. Oh, I know. And I'm somewhat persuaded having looked at it. I I'm just wondering if you're still pressing it, that there's a material dispute here as to whether even that one day rate was predetermined. Is that something a jury should decide because it's not conclusive without an employment contract? It's just an offer letter saying he gets a day rate of this amount that they can change at any time. I did ask a few other questions from Mr. Crow. So I'm going to let you go a teeny bit more. He what's your thought on whether the executive exemption under the case law, which is fairly developed, is not similar to the highly compensated employee that even if the executive exemption still takes you to 604 B, six, the highly compensated employee would never take you. What how do you break that down? OK, both tests require an employee be paid a salary and that the salary be a certain level. 604 B, the alternate thing still requires the salary and the rational relationship. I see no distinction between the two under the plaintext. Thank you. Any other questions? Nope. Counsel, to me, it's been very helpful and I appreciate greatly your patience. It's clearly an issue that circuits are wrestling with. This has helped me a great deal. But that concludes the argument for this case and for the day. You're you're free to leave. Thank you, your honor. Thank you.